1 {.WALTER J. ROTHSCHILD, Judge.
In this personal injury suit resulting from an automobile accident, plaintiff filed a petition for declaratory judgment against Fortis Insurance Company seeking benefits payable under a short term medical insurance policy. By judgment rendered on January 15, 2004, the trial court declared that the Fortis policy provided coverage for the surgery sought by plaintiff. Fortis now suspensively appeals from this judgment. We affirm.
Plaintiff, Deirdre Battaglia, purchased a short time insurance policy from Fortis Insurance Company on May 31, 2001. She was subsequently injured in an automobile accident on September 7, 2001 during the policy’s effective period, and Fortis paid for some medical treatment necessitated by the accident. However, in November of 2001 plaintiffs treating physician recommended a shoulder surgery to repair a torn rotator cuff sustained in the accident. This surgery was scheduled for November 28, 2001. On this date, Ms. Battaglia appeared at the hospital for the surgery, but was informed that LFortis claimed that Ms. Battaglia had not complied with the policy requirement of a seven day waiting period prior to non-emergency surgeries. Based on this information, Ms. Battaglia did not undergo surgery on November 28, 2001, and the Fortis policy expired on December 2, 2001. Ms. Battaglia subsequently made a claim against Fortis for payment for the surgery, but Fortis denied the claim based on the expiration of the policy.
On September 6, 2002, plaintiff filed a petition for damages against the second driver involved in the automobile accident and the insurer of that driver. Plaintiff also included this petition for declaratory judgment against Fortis. In this pleading, she sought a judgment declaring that she was entitled to coverage under the Fortis policy for the recommended surgery to repair her torn rotator cuff.
The parties submitted the declaratory judgment portion of the petition to the trial court on memoranda alone. On January 15, 2004, the trial court rendered judgment finding that Fortis was responsible for coverage for the surgery sought by plaintiff.
In its reasons for judgment, the trial court stated:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this Court finds that the policy covered the type of surgery that was requested by Ms. Battaglia. During the policy period, she sustained an injury and during the policy period, she timely requested a surgery covered under the policy. Under the “Extension of Benefits” provision of the policy, extended coverage was provided under the facts of this case.
Although defendant used a policy provision that required a delay of seven (7) days for non-emergency surgery, they did that [sic] provide the extended coverage.
This Court finds the defendant is responsible for coverage of the surgery.
Penalties under LSA 22:657 and LSA 22:1220 will be determined at a later date.
LFortis now appeals from this judgment on the basis that the trial court committed manifest error in interpreting the insurance policy to require an extension of benefits in this case. Fortis contends that by applying the “Extension of Benefits” section of the policy, the court created new terms of the policy and changed the expressed intent of the parties. Specifically, Fortis contends that Ms. Battaglia failed to request an extension of benefits and failed to prove she was totally disabled as *1170 necessary to receive an extension of benefits.
A copy of the short term medical policy issued to Deirdre Battaglia by Fortis Insurance Company on May 31, 2001 is contained in the record. There is no dispute that the policy expired on December 2, 2001. Further, there is no dispute that the surgery sought by Ms. Battaglia on November 28, 2001 was a covered expense under the policy. The question presented here is whether the policy provides coverage for a claim for surgery made during the policy period but not performed during that time period.
In finding there was coverage under the policy, the trial court relied on the following policy provision:
EXTENSION OF BENEFITS: When the Benefit Period expires, coverage may be extended for a continuous Injury sustained or Sickness which commenced while the policy was in force and for which a Covered Person is then being treated. The Extension of Benefits provision will apply when the conditions under item (1) or (2) exist:
1. Only for the Covered Person receiving treatment if he or she remains Totally Disabled beyond the expiration date and is under the care of a Physician for the disability during the Benefit Period.
Fortis Insurance Company will extend benefits to the earliest of: a) the date on which treatment is no longer required; b) the end of Total Disability; c) payment of the maximum benefit; or d) 12 months from the expiration date.
|BThe term Total Disability means that You or Your spouse are unable to pex-form the duties of any occupation for which reasonably fitted by education, training or experience. A dependent child is totally disabled if confined as a patient in a Hospital.
2. Only for the Covered Person, who: a) has met his or her Deductible during the policy period; and b) is being treated for complications of or needs follow-up treatment for an Injury sustained or Sickness which commenced during the policy period. A $1,000 maximum benefit will be provided for a period of not more than 60 days beyond the expiration date. The Covered Person does not have to be Totally Disabled to qualify for this portion of the Extension of Benefits provision.
This Extension of Benefits provision does not create coverage for expenses incurred as a result of conditions not covered, as noted in the Exclusions section or elsewhere in the contract.
The record also contains joint pre-trial stipulations by the parties which indicate that that Deirdre Battaglia suffered physical injury on September 7, 2001 for which she received treatment from Dr. Warren Bourgeois, and that prior to November 25, 2001 Fortis paid all claims which were submitted by Ms. Battaglia as a result of this injury. Dr. Bourgeois recommended plaintiff undergo surgery in conjunction with this injury which was scheduled for November 28, 2001 and Paul Caruso, a surgical assistant from Dr. Bourgeois’ office, contacted Fortis to determine coverage and secure the necessary approval. Mr. Caruso was informed by a Fortis representative that the policy required a seven day advance notification for out-patient surgery and that Fortis had the ability to reduce the payments based on the failure of claimant to comply with this requirement. -Mr. IfjCaruso related this information to Ms. Battaglia, who chose not to undergo the recommended surgery based on Fortis’ response.
*1171 The record also contains an affidavit of Deirdre Battaglia, who stated that on November 28, 2001, she appeared at the hospital to undergo the surgery recommended by Dr. Bourgeois, and was told by Mr. Caruso that Fortis was invoking a seven day delay for authorization for the surgery. Ms. Battaglia was aware that the policy was set to expire in less than seven days, and that the doctor’s office and hospital were demanding payment in advance for the surgery which she was not able to afford. Ms. Battaglia also stated that she spoke to a representative of Fortis on that day who continued to invoke the seven-day notice requirement, and she was not informed that she could elect to undergo the surgery after the expiration of the policy date. She stated she did not appeal from this decision, but instead hired an attorney to assist her in pursuing this claim. Ms. Battaglia stated that she has not yet undergone the recommended surgery, but that she still continues to experience unbearable pain in her shoulder.
Fortis contends that because Ms. Bat-taglia voluntarily chose not to undergo the surgery during the policy period and failed to request an extenstion in benefits or take an appeal, coverage is not afforded under the policy which has now expired. However, the record in this case indicates that the surgery sought by Ms. Battaglia was recommended by her treating physician, and that Fortis had previously covered the costs of the medical treatment for this injury. Further, the only reason Ms. Bat-taglia chose not to undergo the surgery was based on her belief that Fortis had denied coverage for the surgery. This belief was reasonable based on the statements made by Paul Caruso, the surgical assistant who contacted Fortis on Ms. Bat-taglia’s behalf. In addition, Ms. Battaglia stated that based on the information 17obtained from Fortis by Mr. Caruso, Dr. Bourgeois and the hospital required payment for the surgery in advance. The record also shows that although surgery was recommended by the physician and scheduled within the policy period, Fortis did not confer coverage at the time the claim was made notwithstanding the authorization waiting period.
Under the circumstances presented in this case, we find no error of the trial court in finding that coverage exists for the surgery sought by plaintiff in this ease. Although Ms. Battaglia did not undergo the surgery during the policy period, the record indicates that Fortis’ indication that the policy expired before authorization was obtained was the reason surgery was not completed. Fortis’ action in invoking the seven day delay without allowing an extension of coverage effectively prevented coverage for this surgery to which the insured was clearly entitled under the policy. Accordingly, for the reasons assigned herein, the declaratory judgment of the trial court stating that coverage exists under the For-tis policy for the surgery sought by plaintiff is hereby affirmed.
Fortis also contends that the trial court erred in declaring that penalties pursuant to La. R.S. 22:657 and 22:1220 are reserved for a later date. Fortis contends that plaintiff is not entitled to penalties. However, the trial court has not ruled in favor of plaintiff on the issue of penalties, and Fortis’ argument is therefore premature. We will therefore not address the second issue raised in Fortis’ brief.
Finally, the request for attorney’s fees for this appeal argued by the plaintiff is dismissed for failure to file an Answer to the appeal. See, La. C.C.P. art. 2133.
|sFor the reasons stated herein, the judgment of the trial court is affirmed. Fortis is to bear all costs of this appeal.

AFFIRMED.